**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONROY NICHOLAS,**

               **Plaintiff,**

**-vs-**                                         **Case No.  6:05-cv-1865-Orl-31KRS**

**BRIGHT HOUSE NETWORKS, LLC,**

               **Defendant.**

_____

# ORDER

This matter comes before the Court on a Motion for Summary Judgment (Doc. 31) filed by

Defendant Bright House Networks, LLC ("BHN") and Plaintiff's Response thereto (Doc. 33).

**I. Background[1]**

Plaintiff Conroy Nicholas ("Nicholas") was employed by BHN as a cable service

technician From May, 2003, until he was terminated on December 9, 2005. (Doc. 21 at 1; Nicholas

Depo. at 15, 18-20).  Approximately one week per month, Nicholas was required to be "on call."

(Nicholas Depo. at 24).  While Nicholas was on call, he was not required to remain on the BHN

premises or at his home.(Doc. 33 at 10).  Nicholas was required to carry a beeper or cell phone so

that BHN could get in touch with him if he left his home while he was on call. (Doc. 33 at 2).  In

the event that he was called by BHN during this time, he was required to do the following within

---

[1]In Plaintiff's response, he challenges the admissibility of three affidavits submitted by the
Defendant. (Doc. 33 at 18).  The Court declines to address this issue at this time, as those affidavits
were not necessary to the resolution of the instant motion, and therefore were not considered by the
Court in making its ruling.

one hour:  (1)Be available and sober; (2) Go to his home (if not already there) and retrieve his

BHN service vehicle; (3) Drive to the location of the outage; and (4) Give the supervisor on call or

the manager on call or dispatch some type of update and progress report. (Doc. 33 at 3).  Nicholas

states that if he failed to respond in this manner, he would be subject to discipline, however the

type of discipline is uncertain.

Nicholas was permitted to use his time as he wished during his on call hours as long as he

remained sober, was reachable by beeper or cell phone, and could get to his BHN vehicle and drive

to an outage within the hour.[2]  Nicholas testified that during his on call hours he would visit his

parents, visit friends, take his kids to get something to eat and go to the supermarket. (Nicholas

Depo. at 39).  During his on call time, Nicholas was the only technician available to respond to

outages in the territory from International Speedway Blvd. in Daytona Beach, FL, north to Holly

Hill, FL. (Nicholas Depo. at 25-26).  Nicholas lived in "the heart of Daytona Beach" and stated

that the furthest he would have to drive to respond to a call was twenty or twenty-five minutes.

(Nicholas Depo. at 33-34).  In 2004, Nicholas was on call 79 days and was actually called out 7

times.  In 2005, Nicholas was on call for 111 days and was actually called out 27 times.

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine

issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d

454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to

the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the

---

[2]Nicholas was not permitted to use his BHN vehicle for any purpose other than responding to
service calls.

burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

### III. Legal Analysis

Plaintiff's Amended Complaint (Doc. 6) contains two counts and alleges that he is entitled to unpaid wages, including overtime pay.  Count I of the complaint alleges a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") and Count II alleges a violation of Chapter 448 of the Florida Statutes.

*A) Count I: Violation of the FLSA*

Plaintiff alleges that BHN violated the FLSA by failing to pay him time and one-half for hours worked over 40 hours per week.  Specifically, Plaintiff alleges that all of the hours he was on call should have counted towards the calculation of the total hours worked per workweek. (Nicholas Depo. at 46).  Plaintiff does not allege that BHN failed to pay him overtime for the regular hours he worked in any given week, or for the time he spent responding to calls. (Nicholas Depo. at 46-48).

Therefore, the issue this Court must decide is whether the time Nicholas spent on call qualified as compensable work time under the FLSA.  "Whether a certain set of facts and circumstances constitute work for the purposes of the FLSA is a question of law." *Birdwell v. City of Gadsden, AL,* 970 F.2d 802, 807 (11th Cir. 1992).  To determine whether on call time is work time under the FLSA, courts must ask "whether the time is spent predominantly for the employer's benefit or for the employee's." *Id.*  While there is no explicit formula  to be used in determining whether on call time constitutes work under the FLSA, the principle of *stare decisis* requires that like facts receive like treatment. *Id.*

In *Birdwell,* the Eleventh Circuit determined that detectives who were on call for a week were not entitled to compensation under the FLSA. *Id.* at 810.  The detectives were on call 24

hours/day for 7 days in a row. *Id.* at 808.  They did not have to stay at the police station, but they were required to carry a beeper with them if they left home. *Id.*  They were not allowed to drink alcohol, leave town, go on vacation, or participate in outdoor activities such as hunting or fishing. *Id.*  If they did go anywhere with friends or family, they had to take their own vehicle in case they were called in to work suddenly. *Id.*  Despite all of these restrictions, the Court found that the detectives' on call time was used predominantly for their own benefit, and that no reasonable jury could find otherwise. *Id.* at 810.

In making its decision, the Court in *Birdwell* discussed several cases from other circuits involving on call time.  After reviewing the cases from other circuits, the Court concluded that "an employee's free time must be severely restricted for off-time to be construed as work time for purposes of the FLSA." *Id.* at 810.  While none of the cases discussed in *Birdwell* are identical to the instant case, they all illustrate that courts have denied FLSA recovery to plaintiffs who were subject to many more restrictions than Nicholas.

For example, in *Bright v. Houston Northwest Medical Center*, 888 F.2d 1059 (5th Cir. 1989), the plaintiff was on call for eleven months straight.  During this time he was required to remain sober, always be reachable by beeper, and arrive at work within 20 minutes of being called. *Birdwell,* 970 F.2d at 808-09.  The Court in *Bright* "acknowledged that Bright's job was undesirable and perhaps oppressive, [but] held that this on-call time was not working time under the FLSA." *Id.* at 809.

Nicholas' on call time restrictions were not nearly as onerous as those in *Bright.*  Bright could never be more than 20 minutes away from his work for 11 months.  Nicholas, however, simply had to stay close enough to his home to retrieve his BHN vehicle and assess the outage

within an hour.  Furthermore, Nicholas was only on call for certain weeks of the year, unlike the plaintiff in Bright who was on call for eleven months straight.  Clearly, if Bright was not entitled to recover, neither is Nicholas.  Furthermore, every case discussed in *Birdwell* makes it clear that Nicholas' time was not so restricted that it must be compensated under FLSA.  However, it is unnecessary for this Court to reiterate that discussion here.  It is sufficient to say that the Eleventh Circuit's opinion in *Birdwell* mandates that this Court grant summary judgment to BHN on this Count.  To rule otherwise would be inconsistent with the principle of *stare decisis*.

Nicholas argues that he can be distinguished from the cases discussed in *Birdwell* because he was the only technician on call in his geographic area.  However, the number of employees on call is not mentioned in the discussion of any of the cases in *Birdwell*.  Instead, the number of employees on call is referenced only in the discussion of the facts of the *Birdwell* case itself, and then only in relation to the factual background – not the legal analysis.  Even considering the facts in the light most favorable to Nicholas, it is clear that, under the FLSA, he was not working while on call and therefore is not entitled to compensation for that time.

### B) Count II: Violation of Chapter 448 of the Florida Statutes

Count II of Plaintiff's Amended Complaint alleges that he is entitled to an unspecified amount of unpaid wages from BHN.  Although Defendant's motion is styled as a Motion for Summary Judgment on all counts, Defendant has completely failed to address Count II of Plaintiff's Amended Complaint.  Therefore, this Court cannot grant summary judgment on this Count.  However, the Court declines to exercise supplemental jurisdiction over this state law claim.  Accordingly, Count II will be dismissed without prejudice so that Plaintiff may pursue this claim in state count.

**IV. Conclusion**

It is, therefore,

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED** in part and **DENIED** in part.  Judgment is entered in favor of **DEFENDANT** as to Count I of Plaintiff's Amended Complaint.  Count II is **DISMISSED** without prejudice and the clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 22, 2007.

_____<br>
GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party